UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON P., | |
| Plaintiff, | Case No. C24-102-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating medical opinions. (Dkt. # 9.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

|   |   |
|---|---|
| 1 | **II.     BACKGROUND** |
Case 2:24-cv-00102-MLP   Document 17   Filed 08/29/24   Page 2 of 15

## II.     BACKGROUND

Plaintiff was born in 1976, has a high school education, and has worked as a security guard, automobile mechanic, and locker room attendant. AR at 895. Plaintiff was last gainfully employed in 2016. *Id.* at 349.

On October 26, 2017, Plaintiff applied for benefits, with an amended alleged onset date of November 1, 2017. AR at 116-17, 876. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 118-89. After hearings in May 2019 and March 2020, the ALJ issued a decision on March 25, 2020, finding Plaintiff not disabled. *Id.* at 18-32, 39-90. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed the ALJ's decision to this Court. *Id.* at 10-12; 965-66. Plaintiff and the Commissioner agreed that the ALJ had erred in assessing the medical opinion evidence. *Id.* at 969. This Court reversed and remanded for further administrative proceedings. *Id.* at 967-72.

On remand, after holding a hearing on October 4, 2023, the ALJ issued a decision on November 22, 2023, finding Plaintiff not disabled. AR at 876-96; 906-35. Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairments of obesity, anxiety disorder, depressive disorder, post-traumatic stress disorder ("PTSD"), and neurocognitive disorder. AR at 879. Plaintiff could perform simple, light work with social interaction limitations. *Id.* at 882. Although he could not perform his past relevant work, he could perform other jobs in the national economy and thus was not disabled. *Id.* at 895.

As the Appeals Council did not assume jurisdiction, the ALJ's decision is the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

With regard to mental limitations, the ALJ found persuasive the opinion of State agency consultant John G. Gilbert, Ph.D., and found unpersuasive or partially persuasive the remaining ten medical opinions, eight by treating and examining medical sources.[3] AR at 887-94. Plaintiff

---

[3] Another State agency consultant whose opinion the ALJ found persuasive was later determined to lack the proper qualifications at the time. *See* AR at 469, 961, 963.

ORDER - 3

challenges the ALJ's rejection of eight opinions.[4] (Dkt. ## 9 at 4-17, 16 at 2-3.) The Commissioner contends all of the ALJ's assessments were supported by substantial evidence. (Dkt. # 15 at 4-18.)

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The "more relevant the objective medical evidence and supporting explanations presented" by a source and the "more consistent" the opinion is with evidence from other sources, the more persuasive the opinion. *Id.* at (c)(1)-(2). An ALJ's supportability and consistency findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

    1.    Angela Colella, MSW, MHP, LSWAIC

In September 2023, Ms. Colella, Plaintiff's treating therapist, opined that Plaintiff had marked limitations in understanding, remembering, or applying information due to "marked memory loss" and had marked limitations in adapting or managing himself. AR at 1365. She opined marked limitations in adapting or managing himself due to difficulty managing symptoms and "mental challenges" limiting his ability to set and achieve goals. *Id.* at 1368. Ms. Colella opined Plaintiff would be off task 15 to 25% of a work day due to "concentration and memory recall struggles" and would miss two to three work days per month due to sleep issues. *Id.* at 1369.

The ALJ found Ms. Colella's opinion unpersuasive because it was unsupported by treatment notes and inconsistent with Plaintiff's activities, improvement with medication, and

---

[4] Plaintiff mentions opinions by Adam Karz, M.D., and Jay M. Toews, Ph.D., in passing but does not appear to challenge the ALJ's assessment of them. (*See* dkt. ## 9 at 13, 16 at 2-3.)

ORDER - 4

did not account for Plaintiff's alcohol use.[5] AR at 888-89. Ms. Colella supported her opinion by referring to memory, concentration, and sleep issues. The ALJ found the opinion unsupported by treatment notes indicating Plaintiff had euthymic mood in December 2020, no self-reported cognitive impairment, and "has independent housing [and] is self-sufficient[.]" *Id.* at 1268, 1288. With regard to cognitive impairment, given that the ALJ found Plaintiff had a severe neurocognitive disorder based on objective medical evidence, it is unclear why Plaintiff's failure to self-diagnose his own cognitive impairment would undermine Ms. Colella's opinions. *See id.* at 879. The ALJ did not explain how euthymic mood and living independently contradicted Ms. Colella's opinion, which she supported with reference to memory, concentration, and sleep issues. The ALJ erred in finding Ms. Colella's opinion unsupported.

The ALJ pointed to various other statements from treatment notes without explaining how they undermined Ms. Colella's opinion. AR at 888-89. Plaintiff was "looking forward to starting work" in December 2019. *Id.* at 889 (citing *id.* at 1344). Plaintiff had no earnings in 2019 or 2020 and the ALJ found he had not engaged in substantial gainful activity since the November 2017 alleged onset date. *Id.* at 360, 878.

Regarding memory issues, the ALJ cited a 2019 assessment showing Plaintiff's remote memory was intact as evidenced by his ability to recount his biographical history; however, immediate and recent memory were impaired. AR at 852, 889. The ALJ did not explain why remote memory would be relevant to understanding and applying new information at a job, and immediate and recent memory deficits are consistent with Ms. Colella's opinion.

The ALJ cited treatment notes indicating Plaintiff frequently missed counseling appointments and contemplated discontinuing services "but decided to continue . . . due to

---

[5] The ALJ also noted Ms. Colella was not an "acceptable medical source," but the Commissioner appears to have abandoned this as a potential reason. AR at 888; *see* dkt. # 15 at 8-9.

ORDER - 5

pending SSI application." AR at 1290. The ALJ concluded these notes "suggest he returned to treatment only when there was activity on his S[ocial] S[ecurity] claim." *Id.* at 889. The ALJ does not explain how this suggestion would undermine Ms. Colella's opinion that was based on concentration, memory, and sleep issues, and the Commissioner does not defend the ALJ's reasoning on this point. The Court concludes this was not a valid reason to discount Ms. Colella's opinion.

Regarding alcohol use, the ALJ found Plaintiff's medically determinable impairments did not include any substance use disorder, and thus alcohol use could not be material to the determination of disability. *See* SSR 13-2p, 2013 WL 621536, at *2 (S.S.A. Feb. 20, 2013) (ALJ will only determine whether drug abuse or alcoholism ("DAA") is material if "evidence from acceptable medical sources . . . establish[es] that DAA is a medically determinable impairment(s)"). The Commissioner cites a September 2021 treatment note where Plaintiff reported binge drinking was "an ongoing problem" but does not explain how this undermines Ms. Colella's 2023 opinion. AR at 1327.

The ALJ found improvement with treatment because Plaintiff reported medications were "helpful" and his condition was "stable," and medical providers observed normal mood and affect. AR at 809, 868, 870, 889. Plaintiff's mood was often normal even when he reported anxiety. *See, e.g.*, *id.* at 668 ("mood is fine today, but he describes anxiety, and inability to get things done"), 683 ("better, though continues to feel anxious").

Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' . . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)). Making "some

improvement," however, "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The ALJ did not identify any evidence that medications eliminated or seriously reduced the memory, concentration, and sleep issues that Ms. Colella's opinion relied on.

The ALJ also noted that Ms. Colella reported in a May 2023 treatment note that Plaintiff "engaged positively" during therapy, "found humor to be helpful in managing stressors," and "found stability in sobriety[.]" AR at 888-89 (citing *id.* at 1301). The ALJ points to no evidence that these coping mechanisms were sufficient to alleviate Plaintiff's symptoms.

Conflict with a claimant's activities may justify rejecting a medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Evidence the ALJ cited fails to establish any conflict, however. In August 2023, Plaintiff "mention[ed] finding enjoyment in hiking and fishing, noting that he hopes to move somewhere less populated where he can [be] alone with the nature around him." AR at 1314. This does not indicate Plaintiff actually engaged in hiking and fishing at the time; rather, he wished to in the future. *Id.*; *see also id.* at 1302 (Plaintiff "wishes to 'have a piece of land out in the boonies to fish'" and "wishes to get back into fitness"). In his Function Report, Plaintiff listed hobbies and interests including fishing but stated he "hardly ever" does these activities. AR at 387. He "[does not] like to do them because [he loses] con[ce]ntration [and] can't plan." *Id.* Other self-reports that Plaintiff "enjoys hiking, fishing" do not indicate he currently engages in those activities. *Id.* at 489; *see id.* at 1174 ("I enjoy . . . going to the gym"; interests include fishing, outdoor activities, and working out), 1266 ("I like fishing . . . and wood carving"). The Commissioner cites Plaintiff's August 2019 self-report that he has "two good friends and we go fishing." *Id.* at 852. But Plaintiff then stated, "For the past 2-3 years, I haven't wanted to go out because of my fears and anxiety . . . . We occasionally talk on

ORDER - 7

the phone[.]" *Id.* Again, this is not evidence that Plaintiff went fishing during the relevant period. Plaintiff specifically stated that he "*used to* enjoy fishing [and] hiking[.]" *Id.* at 853 (emphasis added); *see also id.* at 1211 (Plaintiff has "a pretty close group of friends [he] go[es] fishing with" but has become more cautious about since he stopped drinking because "[s]ome of them still drink quite a bit"). An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Here, the ALJ mischaracterized the record by concluding that Plaintiff's activities such as fishing, hiking, and wood carving contradicted his doctors' opinions.

The ALJ did not provide sufficient reason, supported by substantial evidence, to discount Ms. Colella's opinion. The Court concludes the ALJ erred.

      2.   *David Mashburn, Ph.D., and Brian VanFossen, Ph.D.*

Dr. Mashburn examined Plaintiff in January 2021 and, based on diagnoses of PTSD and major depression, opined Plaintiff had marked limitations in maintaining regular and punctual attendance and completing a normal work day and work week without interruptions from psychologically based symptoms. AR at 1227-28. The ALJ indicated Dr. VanFossen reviewed and adopted Dr. Mashburn's opinion, and assessed the two opinions together. *Id.* at 889 (citing *id.* at 1233-34). It appears, however, that the record includes only the "Review of Medical Evidence" form submitted to Dr. VanFossen, with completion date left blank. *Id.* at 1233-34. Even if this form does reflect Dr. VanFossen's opinion, however, the same analysis would apply as with Dr. Mashburn's opinion.

ORDER - 8

The ALJ found Dr. Mashburn's opined marked limitations unpersuasive for similar reasons as Ms. Colella's opinion.[6] AR at 890. The ALJ found moderate limitations supported by Dr. Mashburn's observations of constricted affect and memory difficulties with normal fund of knowledge, concentration, abstract thought, and insight and judgment, but did not address whether marked limitations were supported. *Id.* at 889-90 (citing *id.* at 1229).

The ALJ found the marked limitations inconsistent with record evidence that medications improved Plaintiff's mental status, Plaintiff enjoyed various activities, he sought treatment primarily when there was activity on his Social Security application, and he received episodic and irregular psychological treatment and no emergency room or in-patient hospitalization. AR at 890. As discussed above, the ALJ mischaracterized Plaintiff's activities, and did not explain why seeking treatment primarily when there was activity on his Social Security application undermined the opinion. Neither the ALJ nor the Commissioner explains why the lack of emergency or in-patient hospitalization undermines Dr. Mashburn's opinion. (*See* dkt. # 15 at 10.) A person could be unable to maintain employment but still not require hospitalization. *Cf. Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits[.]").

The ALJ found Plaintiff's "mental status improved" with medications. AR at 890 (citing *id.* at 674-75, 677-78, 680-82, 684-85, 809-10, 868, 870). The cited records show normal mood and affect, but Plaintiff still reported memory loss and being "nervous/anxious" despite taking medication. *Id.* at 674-85, 809-10, 868-70. While Plaintiff found the medications helpful, the

---

[6] The ALJ also noted Dr. Mashburn only performed a single examination, but this was not a valid reason to reject an opinion where the ALJ found non-examining doctors' opinions persuasive. *See* AR at 887-88. Moreover, an ALJ is required to assess every medical opinion in the record, regardless of how many examinations they are based upon. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate . . . how persuasive we find all of the medical opinions").

ORDER - 9

ALJ did not identify substantial evidence that the PTSD and major depression underlying Dr. Mashburn's opinion were controlled effectively by medication. *Cf. Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments "controlled effectively" by medication or treatment are not disabling).

The ALJ did not provide a valid reason supported by substantial evidence to discount Dr. Mashburn's opinion. The Court concludes the ALJ erred.

### 3. David Widlan, Ph.D.

In March 2016, Dr. Widlan examined Plaintiff and diagnosed major depressive disorder, PTSD, and borderline intellectual functioning vs. mild mental retardation. AR at 817. Dr. Widlan opined Plaintiff would have marked limitations in maintaining punctual attendance, adapting to changes in routine, asking simple questions or requesting assistance, and communicating and performing effectively. *Id.* at 818. Dr. Widlan opined Plaintiff would be unable to complete a normal work day and work week without interruptions from psychologically based symptoms. *Id.*

The ALJ found Dr. Widlan's opinion unsupported by his examination findings of depressed mood, restricted affect, memory difficulties, and abnormal abstract thought, but otherwise normal results. AR at 890; *see id.* at 819-20. The ALJ did not explain why results such as depressed mood and memory difficulties would not support the depressive disorder, PTSD, and intellectual disorder diagnoses on which Dr. Widlan's opinion was based. The ALJ erred in finding the opinion unsupported.

In addition to reasons addressed fully above, the ALJ found Dr. Widlan's opinion inconsistent with evidence that Plaintiff's "mental health improves" with medication. AR at 890. The ALJ cited the same evidence discussed above, that Plaintiff reported medication was helpful

ORDER - 10

and his condition was stable and medical providers observed normal mood and affect. *See id.* at 809, 868, 870, 889. While medication may have reduced some of Plaintiff's symptoms, Plaintiff continued to report symptoms such as anxiety and memory difficulties. *Id.* at 668, 683. The ALJ does not identify which symptoms that Dr. Widlan's opinion relied on were controlled effectively with medication. In particular, the ALJ pointed to no evidence that any intellectual impairment was relieved with medication for anxiety and depression. On this record, the Court concludes the ALJ erred in discounting the opinion.

          4.      *Geordie Knapp, Psy.D.*

On November 21, 2017, based on an examination and a review of Dr. Widlan's and three other doctors' evaluations, Dr. Knapp diagnosed Plaintiff with major depressive disorder, PTSD, and unspecified intellectual disability. AR at 572-73. Dr. Knapp opined Plaintiff had marked limitations in asking simple questions or requesting assistance and in setting realistic goals and planning independently. *Id.* at 574. Dr. Knapp opined Plaintiff was unable to maintain regular and punctual attendance, communicate and perform effectively, and complete a normal work day and work week without interruptions from psychologically based symptoms. *Id.* at 573-74.

The ALJ found Dr. Knapp's opinion supported by examination findings of anxious mood, flat affect, difficulty with memory, concentration, and abstract thought, and poor insight and judgment. AR at 891. The ALJ found the opinion inconsistent with record evidence that Plaintiff's mental health improved with treatment. *Id.* As with Dr. Widlan, the ALJ did not identify which symptoms that Dr. Knapp's opinion relied on were controlled effectively with medication. The opinion relied in part on intellectual disability, but the ALJ did not discuss any medication to improve related symptoms. The Court concludes the ALJ erred in discounting the opinion.

ORDER - 11

### 5. R. McCann Partlow, MA, LMHC

Mr. Partlow counseled Plaintiff approximately five times in January and February 2018. AR at 637. Mr. Partlow found Plaintiff was "hindered by severe developmental delays that, cumulatively, make it impossible for him to manage autonomous adult life skills and obligations." *Id.* Mr. Partlow opined Plaintiff would "always need the assistance of a case worker [and] a structured living environment." *Id.* The ALJ found Mr. Partlow's opinion supported by his treatment notes showing anxious mood, blunted affect, and impaired insight and judgment, but inconsistent with evidence Plaintiff improved with treatment and lived independently. *Id.* at 892. It is unclear how independent Plaintiff's housing was, as the record indicates he lived in Veterans Affairs housing with "support staff around him." *Id.* at 590. And the ALJ did not explain which symptoms that Mr. Partlow relied on were controlled effectively. The ALJ erred in discounting the opinion.

### 6. Marfe Paluga, ARNP

On December 4, 2018, Ms. Paluga performed a psychiatric evaluation and filled out a Mental Medical Source Statement. AR at 800-05; *see id.* at 834-38. Ms. Paluga opined Plaintiff had marked limitations in interacting with others, remembering procedures, maintaining attention, maintaining regular and punctual attendance, sustaining a routine without special supervision, working with or near others without being unduly distracted, completing a normal work day and work week, maintaining pace, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers without unduly distracting them or exhibiting behavioral extremes, responding appropriately to changes in routine, and dealing with normal work stress. *Id.* at 802-03. Ms. Paluga opined Plaintiff would miss more than four days of work per month. *Id.* at 804.

The ALJ found Ms. Paluga's opinion unsupported by her treatment notes showing depressed and anxious mood but otherwise normal observations. AR at 892-93 (citing *id.* at 481, 837-38, 841). Ms. Paluga stated the limitations were based on "significant PTSD symptoms" causing "pervasive effects on [Plaintiff's] day-to-day functioning." *Id.* at 803. The ALJ cited notes showing depression, anxiety, and nightmares, and did not explain how these are insufficient to support the opinion based on PTSD symptoms. *Id.* at 481, 840-41. The ALJ erred in finding Ms. Paluga's opinion unsupported. The ALJ found Ms. Paluga's opinion inconsistent with improvement with treatment but did not identify which symptoms that the opinion relied on were controlled effectively. *See id.* at 893. The Court concludes the ALJ erred in discounting Ms. Paluga's opinion.

       7.     E. Andrea Shadrach, Psy.D.

In August 2019, after a review of selected records and an examination, Dr. Shadrach diagnosed Plaintiff with unspecified mild neurocognitive disorder, major depressive disorder, PTSD, and alcohol use disorder in sustained remission. AR at 854. Dr. Shadrach opined Plaintiff could perform simple tasks, though likely needing extra time to process instructions, and could maintain focused attention for rote information. *Id.* at 855. Plaintiff's recall was "impaired" and his attendance, concentration, and persistence would "likely" be impacted by depressed moods, anxiety, and panic attacks. *Id.* at 855-56.

The ALJ found Dr. Shadrach's opinion "somewhat persuasive," supported by examination findings, although not always framed in vocationally relevant terms, and consistent with evidence that Plaintiff's symptoms improved with treatment. AR at 893. Plaintiff does not identify any specific error in the ALJ's analysis. (*See* dkt. ## 9 at 6-7, 16 at 3.) The Court concludes Plaintiff fails to show the ALJ erred.

ORDER - 13

**B.     Scope of Remand**

Plaintiff requests remand for an award of benefits because "[n]o meaningful conflicts in the record remain" and the improperly rejected medical opinions establish disability if credited as true. (Dkt. # 9 at 18-19.) The Commissioner contends further proceedings are appropriate because objective evidence, effective treatment, and Plaintiff's activities contradict Plaintiff's claims of disability. (Dkt. # 15 at 19.)

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Court may remand for benefits where: (1) the ALJ fails to provide legally sufficient reasons for rejecting evidence; (2) the record is fully developed such that there are no "outstanding issues that must be resolved before a determination of disability can be made"; and (3) the improperly discredited evidence would require the ALJ to find the claimant disabled on remand. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). The first requirement is met, as the ALJ rejected six medical opinions for legally insufficient reasons.

The second requirement, however, is not met. The six opinions conflict with State agency consultant Dr. Gilbert's opinion that Plaintiff could work full time. *See* AR at 129-31. Plaintiff argues the Court should reject Dr. Gilbert's opinion because he "had not reviewed much of the medical evidence and did not consider any of the testimonial evidence." (Dkt. # 9 at 16.) This argument misconstrues the Court's role in Social Security appeals. It is the ALJ who is "responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). Plaintiff offers no authority for the suggestion that this Court may, as a matter of law, conclude an opinion is unsupported because the medical

ORDER - 14

source did not review some portion of the record. Indeed, every medical source in this case failed to review some portion of the record.

Plaintiff argues Dr. Gilbert's opinion was "not consistent with the treating and examining source opinions that supported greater limitations." (Dkt. # 16 at 8.) Indeed, this is the reason remand is required: to enable the ALJ to reconcile conflicts in the record. Plaintiff fails to show that all conflicts in the record have been resolved and thus no outstanding issues remain for the ALJ to resolve. The Court concludes an award of benefits is inappropriate here.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the opinions of Ms. Colella, Dr. Mashburn, Dr. Widlan, Dr. Knapp, Mr. Partlow, and Ms. Paluga; reassess Plaintiff's residual functional capacity as appropriate; and proceed to step five as necessary.

Dated this 29th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge